**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STEPHANIE RISTOW,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS LAUREL RIDGE HOSPITAL L.P.,** | § | Civil Action No. 5:19-cv-1469 |
| **UHS OF DELAWARE, INC. DBA** | § | |
| **UNIVERSAL HEALTH SERVICES OF** | § | |
| **DELAWARE, INC., AND RODNEY** | § | |
| **NORMAN,** | § | |
| *Defendant*. | § | |

---

### CORPORATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

In accordance with FED. R. CIV. P. 15(a)(3), Defendants Texas Laurel Ridge Hospital, L.P. ("Laurel Ridge") and UHS of Delaware, Inc.[1] ("UHS") (collectively, "Corporate Defendants") answer Plaintiff Stephanie Ristow's ("Plaintiff" or "Ristow") *First Amended Complaint* ("Complaint") [ECF No. 17] as follows. Unless otherwise admitted, Defendants deny each and every material allegation contained in Plaintiff's *Complaint*.

### Answer

1.      Corporate Defendants admit that: (1) Ristow was employed by Laurel Ridge as a National Military Liaison from 2014 to 2019; (2) as a National Military Advisor, Norman was her supervisor; (3) Ristow was employed in various other roles by Laurel Ridge at various times between 2006 and 2019; and (4) Frederick told Ristow on one occasion that she needed to "put her big girl pants on." Corporate Defendants deny the remaining allegations contained in paragraph one of Plaintiff's *Complaint*.

---

[1] (incorrectly named in the caption as "UHS of Delaware, Inc. dba Universal Health Services of Delaware, Inc.")

2.      Corporate Defendants admit that Ristow made a complaint to UHS's corporate compliance hotline. Corporate Defendants deny the remaining allegations contained in paragraph two of Plaintiff's *Complaint*.

3.      Corporate Defendants deny the allegations contained in paragraph three of Plaintiff's *Complaint*.

4.      Corporate Defendants admit the allegations contained in paragraph four of Plaintiff's *Complaint*.

5.      Corporate Defendants admit the allegations contained in paragraph five of Plaintiff's *Complaint*.

6.      Corporate Defendants deny that UHS's legal name is "UHS of Delaware, Inc. dba Universal Health Services of Delaware, Inc." UHS's correct legal name is "UHS of Delaware, Inc."

7.      Corporate Defendants admit the allegations contained in paragraph seven of Plaintiff's *Complaint*.

8.      Paragraph eight of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply quotes language from the Equal Pay Act. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph eight of Plaintiff's *Complaint*.

9.      Corporate Defendants admit that this Court has jurisdiction.

10.     Corporate Defendants admit that venue is proper in this District.

11.     Corporate Defendants admit the allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12.     Corporate Defendants admit that: (1) Laurel Ridge is an employer under the Equal Pay Act; and (2) Ristow was employed by Laurel Ridge at various times between 2006 and 2019.

13.     Plaintiff's allegation that "UHS has been an employer and enterprise engaged in commerce within the meaning of the Equal Pay Act" contained in Paragraph 13 of Plaintiff's *Complaint* does not require a substantive response because it is a legal conclusion. Corporate Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff's *Complaint*.

14.     Corporate Defendants admit that: (1) Laurel Ridge hired Norman in mid-2014 as a National Military Liaison; and (2) Laurel Ridge later promoted Norman to Director of Military Affairs in late 2014. Corporate Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's *Complaint*.

15.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 15 of Plaintiff's *Complaint*.

16.     Corporate Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of Plaintiff's *Complaint*.

17.     Corporate Defendants admit that: (1) Laurel Ridge hired Ristow as a Mental Health Technician in 2006; and (2) Ristow was eventually promoted to Military Liaison. Corporate Defendants deny the remaining allegations contained in paragraph 17 of Plaintiff's *Complaint*.

18.     Corporate Defendants admit that: (1) Ristow worked in Laurel Ridge's Military Affairs Department; and (2) the purpose of Ristow's position within the Military Affairs Department was to develop and educate direct military referral relationships to Laurel Ridge. Corporate Defendants deny the remaining allegations contained in paragraph 18 of Plaintiff's *Complaint*.

19.     Corporate Defendants admit that Ristow reported the incident alleged in paragraph 19 to Laurel Ridge's Human Resources Department in 2009 and the employee at issue worked at Laurel Ridge for some period of time after the incident until his termination for cause. Corporate Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's *Complaint*.

20.     Corporate Defendants admit that Norman: (1) was hired as a National Military Liaison in 2014; (2) was later promoted to Director of Military Affairs; and (3) is an African American male.

21.     Corporate Defendants admit that Laurel Ridge hired Jeanice and Lingley as National Military Liaisons in 2014. Corporate Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's *Complaint*.

22.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 22 of Plaintiff's *Complaint*.

23.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of Plaintiff's allegations regarding her subjective concerns about reporting Norman to Laurel Ridge's Human Resources Department. Corporate Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's *Complaint*.

24.     Corporate Defendants admit that: (1) a meeting took place in October 2017 with Ristow, Jeanice, Frederick, and Norman present; and (2) during the meeting, Frederick stated that Norman has an education background and likes to educate his staff. Corporate Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's *Complaint*.

25.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 25 of Plaintiff's *Complaint*.

26.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27.     Corporate Defendants deny that any other employees have submitted complaints to Laurel Ridge's Human Resources Department regarding alleged racist or sexist behavior by Norman.

28.     Corporate Defendants lack knowledge or information sufficient to admit or deny the

4847-7611-8978.1
CORPORATE DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT                                    PAGE 4

truth of Plaintiff's subjective reactions upon learning about the salaries of Jeanice and Lingley. Corporate Defendants deny the remaining allegations contained in paragraph 28 of Plaintiff's *Complaint*.

29.     Corporate Defendants deny the allegations contained in paragraph 29 of Plaintiff's *Complaint*.

30.     Corporate Defendants admit that Ristow received a salary increase on January 6, 2019, and earned approximately $62,339.62 until Laurel Ridge terminated her employment. Corporate Defendants deny the remaining allegations contained in paragraph 30 of Plaintiff's *Complaint*.

31.     Corporate Defendants admit that Frederick had a conversation with Ristow wherein Frederick: (1) suggested that Ristow was so upset, perhaps it was not the right job for her; (2) told Ristow that she should "put her big girl pants on"; and (3) reminded Ristow that "This isn't the first time you have had issues." Corporate Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's *Complaint*.

32.     Corporate Defendants deny any retaliation against Plaintiff. Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 32 of Plaintiff's *Complaint*.

33.     Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 33 of Plaintiff's *Complaint*.

34.     Corporate Defendants deny the allegations contained in paragraph 34 of Plaintiff's *Complaint*.

35.     Corporate Defendants admit that Buford had a brief conversation with Ristow in August 2019 regarding standard monthly indicators within Laurel Ridge's Business Development

Department. Corporate Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's *Complaint*.

36.    Corporate Defendants deny the allegations contained in paragraph 36 of Plaintiff's *Complaint*.

37.    Corporate Defendants admit that: (1) Laurel Ridge's Finance Department rejected several expense reports she submitted and did not provide reimbursement because the expenses could not be justified; and (2) Ristow told Norman that she could no longer afford to front expenses to travel. Corporate Defendants deny the remaining allegations contained in paragraph 37 of Plaintiff's *Complaint*.

38.    Corporate Defendants lack knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 38 of Plaintiff's *Complaint*.

39.    Corporate Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 39 of Plaintiff's *Complaint*.

40.    Corporate Defendants admit that Ristow briefly spoke with McKinney on September 17, 2019, regarding Ristow's pay and grievances with Norman. Corporate Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's *Complaint*.

41.    Corporate Defendants admit that Ristow submitted a complaint with UHS on September 19, 2019, and provided a lengthy summary about her allegations about Norman and her salary.  However, Corporate Defendants deny the underlying truth of the allegations made by Ristow in her submission to UHS.

42.    Corporate Defendants admit that Plaintiff's access to Laurel Ridge's computer system was terminated on September 24, 2019.

43.    Corporate Defendants admit that: (1) Cuellar met with Ristow on September 24,

2019, to discuss her complaint regarding Norman; (2) Cuellar told Ristow that her concerns would be investigated; (3) Ristow presented documentation to Cuellar at the meeting; and (4) Cuellar told Ristow she was being suspended. Corporate Defendants deny the remaining allegations contained in paragraph 43 of Plaintiff's *Complaint*.

44.      Corporate Defendants admit that: (1) Cuellar left the room; and (2) Finance Director Chris Barela presented Ristow with a suspension form pending investigation of Ristow's expense reports. Corporate Defendants deny the remaining allegations contained in paragraph 44 of Plaintiff's *Complaint*.

45.      Corporate Defendants admit the allegations contained in paragraph 45 of Plaintiff's *Complaint*.

46.      Corporate Defendants deny the allegations contained in paragraph 46 of Plaintiff's *Complaint*.

47.      Corporate Defendants admit that Laurel Ridge personnel discussed Plaintiff's eligibility for rehire and performance issues with personnel associated with another facility managed by UHS. Corporate Defendants deny the remaining allegations contained in paragraph 47 of Plaintiff's *Complaint*.

48.      Corporate Defendants admit that a replacement for Plaintiff has been hired. Corporate Defendants deny the remaining allegations contained in paragraph 48 of Plaintiff's *Complaint*.

49.      Paragraph 49 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 49 of Plaintiff's *Complaint*.

50.      Defendants admit that Ristow received a lower salary than Jeanice and Lingley.

Corporate Defendants deny the remaining allegations contained in paragraph 50 of Plaintiff's *Complaint*.

51.    Corporate Defendants deny the allegations contained in paragraph 51 of Plaintiff's *Complaint*.

52.    Corporate Defendants deny the allegations contained in paragraph 52 of Plaintiff's *Complaint*.

53.    Corporate Defendants deny the allegations contained in paragraph 53 of Plaintiff's *Complaint*.

54.    Paragraph 54 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 54 of Plaintiff's *Complaint*.

55.    Paragraph 55 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a statement about the Equal Pay Act's retaliation provisions. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 55 of Plaintiff's *Complaint*.

56.    Corporate Defendants deny the allegations contained in paragraph 56 of Plaintiff's *Complaint*.

57.    Corporate Defendants admit that Laurel Ridge terminated Ristow's employment. Corporate Defendants deny the remaining allegations contained in paragraph 57 of Plaintiff's *Complaint*.

58.    Paragraph 58 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs

of her *Complaint*. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 58 of Plaintiff's *Complaint*.

59.    Corporate Defendants admit the allegations contained in paragraph 59 of Plaintiff's *Complaint*.

60.    Corporate Defendants admit that Laurel Ridge is an employer within the meaning of Title VII. Corporate Defendants deny that UHS is an employer within the meaning of Title VII.

61.    Corporate Defendants deny the allegations contained in paragraph 61 of Plaintiff's *Complaint*.

62.    Paragraph 62 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 62 of Plaintiff's *Complaint*.

63.    Paragraph 63 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply states the legal provision for retaliation under Title VII of the Civil Rights Act of 1964. To the extent that any response is required, Corporate Defendants deny the allegations contained in paragraph 63 of Plaintiff's *Complaint.*

64.    Corporate Defendants deny the allegations contained in paragraph 64 of Plaintiff's *Complaint*.

65.    Corporate Defendants deny the allegations contained in paragraph 65 of Plaintiff's *Complaint*.

66.    Corporate Defendants deny the allegations contained in paragraph 66 of Plaintiff's *Complaint*.

67.    Corporate Defendants deny the allegations contained in paragraph 67 of Plaintiff's

*Complaint.*

68.     Corporate Defendants deny that Plaintiff is entitled to any damages whatsoever.

69.     Paragraph 69 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a demand for trial by jury. To the extent any response is required, Corporate Defendants deny the allegations contained in paragraph 69 of Plaintiff's *Complaint.*

70.     Defendants deny that Plaintiff is entitled to any damages whatsoever as alleged in paragraph 70 of Plaintiff's *Complaint.*

## Affirmative Defenses

1.      Laurel Ridge's rate of pay for Ristow was based on legitimate reasons unrelated to her gender, including but not limited to, Plaintiff's education, background, and experience.

2.      Laurel Ridge terminated Plaintiff's employment for legitimate, non-retaliatory reasons.

3.      Plaintiff's recovery, if any, is limited by her failure to mitigate damages, if any.

4.      Plaintiff's recovery, if any, is subject to the applicable damages cap under the applicable statutes.

5.      Any claim for punitive damages is barred by Defendants' good faith efforts to comply with the applicable statutes.

## Jury Demand

6.      In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Corporate Defendants demand trial by jury on all issues so triable.

## Conclusion and Prayer

Corporate Defendants pray that Plaintiff takes nothing by her claims, that judgment be entered in their favor, and that the Court awards any further relief to which it determines Corporate Defendants are justly entitled.

Respectfully submitted,

 /s/ Tracy Graves Wolf
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR CORPORATE DEFENDANTS**

### Certificate of Service

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on July 24, 2020, *via CM/ECF*, on the following:

Melissa Morales Fletcher (melissa@themoralesfirm.com)
Allison Hartry (ahartry@themoralesfirm.com)
The Morales Firm, PC
6243 Interstate 10 West, Suite 132
San Antonio, Texas 78201

**ATTORNEYS FOR PLAINTIFF**

*/s/ Brent Sedge*
Brent Sedge