**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STEPHANIE RISTOW,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS LAUREL RIDGE HOSPITAL L.P.** | § | Civil Action No. 5:19-cv-1469 |
| **UHS OF DELAWARE, INC. DBA** | § | |
| **UNIVERSAL HEALTH SERVICES OF** | § | |
| **DELAWARE, INC., AND RODNEY** | § | |
| **NORMAN,** | § | |
| *Defendant.* | § | |

---

### DEFENDANT RODNEY NORMAN'S ANSWER
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

---

In accordance with FED. R. CIV. P. 15(a)(3), Defendant Rodney Norman ("Defendant" or "Norman") answers Plaintiff's *First Amended Complaint* ("Complaint") [ECF No. 17] as follows. Unless otherwise admitted, Norman denies each and every material allegation contained in Plaintiff's *Complaint*.s

#### Answer

1.      Norman admits that Ristow was employed by Laurel Ridge as a National Military Liaison and he was her supervisor. Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's allegations about her history at Laurel Ridge before he was hired in 2014. Norman denies the remaining allegations contained in paragraph one of Plaintiff's *Complaint*.

2.      Norman admits that Ristow made a complaint to UHS's corporate compliance hotline. Norman denies the remaining allegations contained in paragraph two of Plaintiff's *Complaint*.

3.      Norman denies the allegations contained in paragraph three of Plaintiff's *Complaint*.

4.      Norman admits the allegations contained in paragraph four of Plaintiff's *Complaint*.

5.      Norman admits that Laurel Ridge Hospital, L.P. has appeared in this lawsuit.

6.      Norman admits that UHS of Delaware, Inc. has appeared in this lawsuit.

7.      Norman admits the allegations contained in paragraph seven of Plaintiff's *Complaint*.

8.      Paragraph eight of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply quotes language from the Equal Pay Act. To the extent any response is required, Norman denies the allegations contained in paragraph eight of Plaintiff's *Complaint*.

9.      Norman admits that this Court has jurisdiction.

10.     Norman admits that venue is proper in this District.

11.     Norman admits the allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 12 of Plaintiff's *Complaint*.

13.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 13 of Plaintiff's *Complaint*.

14.     Norman admits that: (1) Laurel Ridge hired Norman in mid-2014 as a National Military Liaison; and (2) Laurel Ridge later promoted Norman to Director of Military Affairs in late 2014. Norman denies the remaining allegations contained in paragraph 14 of Plaintiff's *Complaint*.

15.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 15 of Plaintiff's *Complaint*.

16.     Norman lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of Plaintiff's *Complaint*.

17.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 17 of Plaintiff's *Complaint*.

18.     Norman admits that: (1) Ristow worked in Laurel Ridge's Military Affairs Department; and (2) the purpose of Ristow's position within the Military Affairs Department was to develop and educate direct military referral relationships to Laurel Ridge. Norman denies the remaining allegations contained in paragraph 18 of Plaintiff's *Complaint*.

19.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 19 of Plaintiff's *Complaint*.

20.     Norman admits that he: (1) was hired as a National Military Liaison in 2014; (2) was later promoted to Director of Military Affairs; and (3) is an African American male.

21.     Norman admits that Laurel Ridge hired Jeanice and Lingley as National Military Liaisons in 2014. Norman denies the remaining allegations contained in paragraph 21 of Plaintiff's *Complaint*.

22.     Norman denies the allegations contained in paragraph 22 of Plaintiff's *Complaint*.

23.     Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's allegations regarding: (1) her subjective concerns about reporting him to Laurel Ridge's Human Resources Department; and (2) reports, if any, that Ristow submitted to Laurel Ridge's Human Resources Department. Norman denies the remaining allegations contained in paragraph 23 of Plaintiff's *Complaint*.

24.     Norman lacks knowledge of information sufficient to admit or deny the truth of Plaintiff's allegation that she submitted a formal HR complaint to Fredrick regarding his behavior. Norman admits that: (1) a meeting took place in October 2017 with Ristow, Jeanice, Frederick, and Norman present; and (2) during the meeting, Frederick redirected Ristow, and stated that Norman has an education background and likes to educate his staff. Norman denies the remaining allegations contained in paragraph 24 of Plaintiff's *Complaint*.

25.     Norman denies the allegations contained in paragraph 25 of Plaintiff's *Complaint*.

26.     Norman denies the allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27.     Norman denies that any other employees have submitted complaints to Laurel Ridge's Human Resources Department regarding any alleged racist or sexist behavior by him.

28.     Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's subjective reactions upon learning about the salaries of Jeanice and Lingley. Norman denies the remaining allegations contained in paragraph 28 of Plaintiff's *Complaint*.

29.     Norman denies the allegations contained in paragraph 29 of Plaintiff's *Complaint*.

30.     Norman admits that Ristow received a salary increase on January 6, 2019, and earned approximately $62,339.62 until Laurel Ridge terminated her employment. Norman denies the remaining allegations contained in paragraph 30 of Plaintiff's *Complaint*.

31.     Norman admits that on one occasion he hung up on Ristow during a telephone conversation. Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's remaining allegations contained in paragraph 31 of Plaintiff's *Complaint*.

32.     Norman admits that: (1) he asked Ristow "Do you trust your husband fully?" when the two were discussing trust issues amongst the team members of Laurel Ridge's Military Affairs Department; and (2) he said "that tells me a lot" because he understood that Ristow had difficulties trusting Norman in the past. Norman denies the allegations contained in paragraph 32 of Plaintiff's *Complaint*.

33.     Norman denies the allegations contained in paragraph 33 of Plaintiff's *Complaint*.

34.     Norman denies the allegations contained in paragraph 34 of Plaintiff's *Complaint*.

35.     Norman admits that Ristow spoke with Buford in August 2019, but Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's allegations regarding the

content of her conversations with Buford. Norman denies the remaining allegations contained in paragraph 35 of Plaintiff's *Complaint*.

36.     Norman admits that he had a conversation with Ristow on August 2, 2019, regarding her expense report for a trip to Hawaii. Norman denies the remaining allegations contained in paragraph 36 of Plaintiff's *Complaint*.

37.     Norman admits that: (1) Laurel Ridge's Finance Department rejected several expense reports she submitted and did not provide reimbursement because the expenses could not be justified; and (2) Ristow told Norman that she could no longer afford to front expenses to travel. Norman denies the remaining allegations contained in paragraph 37 of Plaintiff's *Complaint*.

38.     Norman lacks knowledge or information sufficient to admit or deny the truth of Plaintiff's allegations contained in paragraph 38 of Plaintiff's *Complaint*.

39.     Norman admits that Ristow raised the issue of her pay rate in September 2019, but Norman told Ristow that any discussion regarding pay would have to take place after the investigation of her expense reports. Norman denies the remaining allegations contained in paragraph 39 of Plaintiff's *Complaint*.

40.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 40 of Plaintiff's *Complaint*.

41.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 41 of Plaintiff's *Complaint*.

42.     Norman admits that Plaintiff's access to Laurel Ridge's computer system was terminated on September 24, 2019.

43.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 43 of Plaintiff's *Complaint*.

44.     Norman admits that Ristow was suspended pending the outcome of Laurel Ridge's investigation into her expense reports. Norman lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 44 of Plaintiff's *Complaint*.

45.     Norman admits the allegations contained in paragraph 45 of Plaintiff's *Complaint*.

46.     Norman denies the allegations contained in paragraph 46 of Plaintiff's *Complaint*.

47.     Norman lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 47 of Plaintiff's *Complaint*.

48.     Norman admits that a replacement for Plaintiff has been hired. Norman denies the remaining allegations contained in paragraph 48 of Plaintiff's *Complaint*.

49.     Paragraph 49 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Norman denies the allegations contained in paragraph 49 of Plaintiff's *Complaint*.

50.     Norman admits that Ristow received a lower salary than Jeanice and Lingley. Norman denies the remaining allegations contained in paragraph 50 of Plaintiff's *Complaint*.

51.     Norman denies the allegations contained in paragraph 51 of Plaintiff's *Complaint*.

52.     Norman denies the allegations contained in paragraph 52 of Plaintiff's *Complaint*.

53.     Norman denies the allegations contained in paragraph 53 of Plaintiff's *Complaint*.

54.     Paragraph 54 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Norman denies the allegations contained in paragraph 54 of Plaintiff's *Complaint*.

55.    Paragraph 55 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a statement about the Equal Pay Act's retaliation provisions. To the extent any response is required, Norman denies the allegations contained in paragraph 55 of Plaintiff's *Complaint*.

56.    Norman denies the allegations contained in paragraph 56 of Plaintiff's *Complaint*.

57.    Norman admits that Laurel Ridge terminated Ristow's employment. Norman denies the remaining allegations contained in paragraph 57 of Plaintiff's *Complaint*.

58.    Paragraph 58 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Norman denies the allegations contained in paragraph 58 of Plaintiff's *Complaint*.

59.    Norman admits the allegations contained in paragraph 59 of Plaintiff's *Complaint*.

60.    Norman lacks information sufficient to admit or deny the allegations contained in paragraph 60 of Plaintiff's *Complaint*.

61.    Norman denies the allegations contained in paragraph 61 of Plaintiff's *Complaint.*

62.    Paragraph 62 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply reincorporates by reference the preceding paragraphs of her *Complaint*. To the extent any response is required, Norman denies the allegations contained in paragraph 62 of Plaintiff's *Complaint*.

63.    Paragraph 63 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply states the legal provision for retaliation under Title VII of the Civil Rights Act of 1964. To the extent that any response is required, Norman denies the allegations contained in paragraph 63 of Plaintiff's *Complaint.*

64.    Norman denies the allegations contained in paragraph 64 of Plaintiff's *Complaint*.

65.    Norman denies the allegations contained in paragraph 65 of Plaintiff's *Complaint*.

66.    Norman denies the allegations contained in paragraph 66 of Plaintiff's *Complaint*.

67.    Norman denies the allegations contained in paragraph 67 of Plaintiff's *Complaint*.

68.    Norman denies the allegations contained in paragraph 68 of Plaintiff's *Complaint*.

69.    Paragraph 69 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a demand for trial by jury. To the extent any response is required, Norman denies the allegations contained in paragraph 69 of Plaintiff's *Complaint*.

70.    Norman denies that Plaintiff is entitled to any damages whatsoever as alleged in paragraph 70 of Plaintiff's *Complaint*.

## Affirmative Defenses

1.    Laurel Ridge's rate of pay for Ristow was based on legitimate reasons unrelated to her gender, including but not limited to, Plaintiff's education, background, and experience.

2.    Defendants Laurel Ridge and UHS terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

3.    In the alternative, while denying that any employment decision made regarding Plaintiff was motivated in any part by a prohibited or unlawful factor, Plaintiff is not entitled to any relief she seeks because any such employment decision made by Defendants Laurel Ridge and UHS would have been made irrespective of any prohibited or unlawful factor.

4.    Plaintiff's recovery, if any, is limited by her failure to mitigate damages, if any.

5.    Plaintiff's recovery, if any, is subject to the applicable damages cap under Federal and Texas law.

6.      Any claim for punitive damages is barred by Defendants' good faith efforts to comply with the applicable civil rights statutes.

### Jury Demand

7.      In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Norman demands trial by jury on all issues so triable.

### Conclusion and Prayer

Norman prays that Plaintiff takes nothing by her claims, that judgment be entered in his favor, and that the Court awards any further relief to which it determines Norman is justly entitled.

Respectfully submitted,

 */s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT
RODNEY NORMAN**

**Certificate of Service**

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on July 24, 2020, *via CM/ECF*, on the following:

Melissa Morales Fletcher (melissa@themoralesfirm.com)
Allison Hartry (ahartry@themoralesfirm.com)
The Morales Firm, PC
6243 Interstate 10 West, Suite 132
San Antonio, Texas 78201

**ATTORNEYS FOR PLAINTIFF**

> /s/ Brent Sedge
> Brent Sedge